IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

IN RE: STEVEN GEOCARIS, A MEMBER )
OF A PETIT JURY )
)
)
) HONORABLE DAVID H. COAR
)
)

## MEMORANDUM OPINION AND ORDER

Steven Geocaris ("Geocaris"), who served as a juror in the United States District Court, has informed this court that he believes he was terminated from his employment at the Housing Authority of Cook County ("HACC"), located in Chicago, Illinois, due to his petit jury service. This court interviewed Geocaris about his claim of wrongful termination on November 21, 2008. On the same day, this court informed HACC in writing of Geocaris' claim and asked HACC to provide the court a response by December 9, 2008. This court received a response from HACC, dated December 2, 2008, asserting that the reason for Geocaris' termination was his poor job performance. Based on the available facts, this court finds probable merit on Geocaris' claim.

### I. FACTS

This court relies on the facts provided by Geocaris and HACC for this opinion.

Geocaris began his work at HACC as a special assistant to the executive director Lorri Newson on October 14, 2008. Geocaris was selected to be a member of the jury in this federal district court, and was sworn in as a member of a petit jury on November 10, 2008. On

November 14, 2008, the services of the jury were not needed and Geocaris went to work. When he arrived, he was told to meet with representatives from the human resources department. They informed Geocaris that his service was no longer needed, and presented him with two letters—one a resignation letter, the other a termination letter—and asked him which he would prefer to sign. Geocaris asked for a reason for his termination, and was told that because he was an at-will employee, no reason needed to be given. Geocaris signed the resignation letter and left HACC.

That day, Geocaris brought to this court's attention his belief that he was terminated based on his petit jury status. This court interviewed Geocaris about his claim of wrongful termination at the end of trial, on November 21, 2008. On the same day, this court sent a letter to HACC apprising HACC of Geocaris' claim and Title 28, United States Code, Section 1875. In the letter, this court requested that HACC provide this court a written statement and documentation of the circumstances regarding Geocaris' termination by December 9, 2008. This court received a letter from HACC, dated December 2, 2008, explaining only that Geocaris had "resign[ed]" and that his "separation from [HACC] was not in anyway [sic] connected to his jury service but rather based upon poor job performance"; there was no further documentation provided.

At no point before jury service did Geocaris have reason to believe his job was in jeopardy. He was not notified of any employment changes before his jury service, and had heard nothing about his job performance until the letter HACC sent this court on December 2, 2008.

## II. LEGAL STANDARD

28 U.S.C. §1875 creates a statutory right of employment protection for federal jurors, stating that "no employer shall discharge, threaten to discharge, intimidate, or coerce any

permanent employee by reason of such employee's jury service, or the attendance or scheduled attendance in connection with such service, in any court of the United States." 28 U.S.C. §1875(a). Under the statute, a juror is entitled to damages for any loss of wages or other benefits suffered due to a violation. *Id.* §1875(b)(1). Further, the court may enter injunctive relief, such as reinstatement of a juror's employment. *Id.* §1875(b)(2). A civil penalty of not more than $1000 per violation may be imposed on the employer as well. *Id.* §1875(b)(3).

In a wrongful termination claim based on juror status, federal district courts may appoint counsel for the individual if the claim is found to have probable merit. 28 U.S.C. §1875(d)(1). A probable merit threshold is a low standard, whereby the court finds it is *likely* for the claim to have merit. Appointed counsel "shall be compensated and necessary expenses repaid to the extent provided by section 3006A of title 18, United States Code," the statute addressing payment of appointed counsel for criminal defendants. *Id.* Additionally, should an employee prevail, the court may award attorney's fees to the employee pursuant to 28 U.S.C. §1875(d)(2).

## III. ANALYSIS

This court must assess whether there is probable merit to support Geocaris' claim that HACC discriminated against Geocaris based on her petit jury service. Probably merit is a low threshold standard. Based on the facts in the record, this court finds that there is probable merit to Geocaris' claims.

The temporal proximity of Geocaris' termination to the commencement of his jury service is suspicious. Prior to his jury service, Geocaris had received no negative feedback regarding his work performance. Human resources at HACC offered no rationale to Geocaris for his termination, but told this court by letter that Geocaris was terminated for his poor job

performance. However, HACC has provided no documentation that the decision to terminate Geocaris occurred before his jury service, or was otherwise independent of his jury service. Finally, Geocaris was not given any prior notice that his job would be ending, or that his performance was not up to par. In summary, Geocaris had been a valued employee prior to his jury service, he was not notified of any potential changes to employment prior to his jury service, and he was fired in the midst of his jury service. The timing and circumstances surrounding Geocaris' termination raises sufficient suspicion for this court to make a finding of probable merit as to Geocaris' claim of discrimination based on his jury service.

In making this ruling that there is probable merit that HACC violated Section 1875, this court emphasizes that this finding is based on a preliminary evaluation of Geocaris' claim and constitutes a preliminary finding that Geocaris' claim is likely to have merit. Appointed counsel should undertake further prefiling investigation to make a determination consistent with Federal Rule of Civil Procedure 11 of whether a civil suit should be filed.

## IV. CONCLUSION

This court orders the appointment of counsel for petit juror Steven Geocaris pursuant to 28 U.S.C. §1875 and appoints attorney Mary Anderson to represent petit juror Steven Geocaris in his claim of discrimination against his former employer, HACC. Appointed counsel is requested to contact Steven Geocaris.

Enter:

/s/David H. Coar
Hon. David H. Coar
United States District Judge

**Dated: December 17, 2008**

# CERTIFICATE OF SERVICE

I, Mandy Hu, certify that on December 17, 2008, I caused to be sent via the U.S. district court mail room on the 20th floor of 219 S. Dearborn St., a copy of the Memorandum Opinion and Order for the matter of In Re: Steven Geocaris, A Member of a Petit Jury, dated December 17, 2008, to the following recipients:

Steven Geocaris
7001 N. Tonty Avenue
Chicago, IL 60646

Lorri Newson, Executive Director
Housing Authority of Cook County
175 W. Jackson, Suite 350
Chicago, IL 60604

Also, a copy of the December 17, 2008 Memorandum Opinion and Order was sent via U.S. mail to attorney Mary Anderson on December 17, 2008 at the offices of Goldberg Kohn, 55 E. Monroe Street, Suite 3300, Chicago, IL 60603.

/s/ Mandy Hu
Law Clerk to the Honorable David H. Coar